IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP, SANDEEP BADWALSIGH and INDY FREIGHT, INC., | ELECTRONICALLY FILED Feb 16 2018 U.S. DISTRICT COURT Northern District of WV |

Plaintiffs,   Civil Action No. 5:18-cv-31 (Stamp)

vs.

RANDALL RYAN SHREVE, et al.,

Defendants.

## COMPLAINT FOR INTERPLEADER

AND NOW come Plaintiffs, Spirit Commercial Auto Risk Retention Group ("Spirit"), Sandeep Badwalsigh and Indy Freight, Inc. ("Indy"), by and through their undersigned counsel, Timothy A. Montgomery, and hereby files this Complaint for Interpleader against Defendants, Randall Ryan Shreve, Kasee Renee Porter, Gerry W. Harris, Jr., Matthew Joseph Pitzer, Aaron Jackson, Karen N. Barnett, Cynthia G. Drane, David Weston, Frederick Dean Connors, William A. Heinbaugh, Angela R. Aubihil, Vicky L. Posey, Jessica Leigh Allen, Robert S. Powers, Jodi Shackelford, Jeffrey Douglas Shackelford, Andrew J. Zeiger, Sandra L. Heinbaugh, William Heinbaugh, N.K., a minor, M.A., a minor, Pamela Lipscomb, Diana Shackelford, Bethani A. Shackelford, Elizabeth Barnett, Brooke N. Drane, Tierra N. Brawner, Trey M. Brawner, Terence D. Brawner, Bobby Jo Weston, E.W., a minor, B.W., a minor, Bruce Davidson. In Support thereof, Plaintiffs set forth the following:

## PARTIES

1. Plaintiff, Spirit, is an insurance carrier, with a principal place of business in Missouri, that is engaged in the business of issuing commercial automobile insurance to interstate motor carriers.

2. Plaintiff, Indy, is, and at all times relevant herein was an Indiana Corporation engaged in business as an interstate motor carrier.

3. Plaintiff Sandeep Badwalsingh, is, and at all relevant times herein was a citizen of Elk Grove, California.

4. The Defendant-Claimants listed below have either submitted to Plaintiffs a direct claim for insurance benefits or have not submitted a claim but were involved in the subject accident.

5. Upon information and belief, Defendant, Randall Ryan Shreve, is, and at all times relevant herein was a citizen and resident of Kaiser Mine, Mineral County, West Virginia.

6. Upon information and belief, Defendant, Kasee Renee Porter, is, and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

7. Upon information and belief, Defendant, Gerry W. Harris, Jr., is and at all times relevant herein was a citizen and resident of Martins Ferry, Belmont County, Ohio.

8. Upon information and belief, Defendant, Matthew Joseph Pitzer, is and at all times relevant herein was a citizen and resident of Johnstown, Cambria County, Ohio.

9. Upon information and belief, Defendant, Aaron Jackson, is and at all times relevant herein was a citizen and resident of Columbus, Franklin County, Ohio.

10. Upon information and belief, Defendant, Karen N. Barnett, is and at all times relevant herein was a citizen and resident of Florence, Boone County, Kentucky.

11.     Upon information and belief, Defendant, Cynthia G. Drane, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

12.     Upon information and belief, Defendant, David Weston, is and at all times relevant herein was a citizen and resident of Winchester, Adams County, Ohio.

13.     Upon information and belief, Defendant, Frederick Dean Connors, is and at all times relevant herein was a citizen and resident of Rayland, Jefferson County, Ohio.

14.     Upon information and belief, Defendant, William A. Heinbaugh, is and at all times relevant herein was a citizen and resident of Scottdale, Westmoreland County, Pennsylvania.

15.     Upon information and belief, Defendant, Angela R. Aubihl, is and at all times relevant herein was a citizen and resident of Dover, Tuscarawas County, Ohio.

16.     Upon information and belief, Defendant, Vicky L. Posey, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

17.     Upon information and belief, Defendant, Jessica Leigh Allen, is and at all times relevant herein was a citizen and resident of Binghamton, Broome County, New York.

18.     Upon information and belief, Defendant, Robert S. Powers, is and at all times relevant herein was a citizen and resident of Frederick, Frederick County, Maryland.

19.     Upon information and belief, Defendants, Jodi Shackelford, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

20.     Upon information and belief, Defendant, Jeffrey Douglas Shackelford, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

21.     Upon information and belief, Defendant, Andrew J. Zeiger, is and at all times relevant herein was a citizen and resident of Selma, Delaware County, Indiana.

22. Upon information and belief, Defendant, Sandra L. Heinbaugh, is and at all times relevant herein was a citizen and resident of Scottdale, Westmoreland County, Pennsylvania.

23. Upon information and belief, Defendant, N.K., a minor, is and at all times relevant herein was a minor individual residing in Dover Tuscrawas County, Ohio.

24. Upon information and belief, Defendant, M.A., a minor, is and at all times relevant herein was a minor individual residing in Dover, Tuscarawas County, Ohio.

25. Upon information and belief, Defendant, Pamela Lipscomb, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

26. Upon information and belief, Defendant, Diana Shackelford, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

27. Upon information and belief, Defendant, Bethani A. Shackelford, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

28. Upon information and belief, Defendant, Elizabeth Barnett, is and at all times relevant herein was a citizen and resident of Florence, Boone County, Kentucky.

29. Upon information and belief, Defendant, Brooke N. Drane, is and at all times relevant herein was a citizen and resident of Wheeling, Ohio County, West Virginia.

30. Upon information and belief, Defendant, Tierra N. Brawner, is and at all times relevant herein was a minor individual residing in Wheeling, Ohio County, West Virginia.

31. Upon information and belief, Defendant, Trey M. Brawner, is and at all times relevant herein was a minor individual residing in Wheeling, Ohio County, West Virginia.

32. Upon information and belief, Defendant, Terence D. Brawner, is and at all times relevant herein was a minor individual residing in Wheeling, Ohio County, West Virginia.

33. Upon information and belief, Defendant, Bobby Jo Weston, is and at all times relevant herein was a citizen and resident of Winchester, Adams County, Ohio.

34. Upon information and belief, Defendant, E.W., a minor, is and at all times relevant herein was a minor individual residing in Winchester, Adams County, Ohio.

35. Upon information and belief, Defendant, B.W., a minor, is and at all times relevant herein was a minor individual residing in Winchester, Adams County, Ohio.

36. Upon information and belief, Defendant Bruce Davidson, is and at all times relevant herein was an adult individual residing in Wheeling, Ohio County West Virginia.

## FACTUAL ALLEGATIONS

37. On or about March 13, 2016, Defendants were involved in an automobile accident with a tractor trailer owned by Indy and driven by Sandeep Badwalsingh.

38. The above-referenced accident occurred in on I-70 in Ohio County, West Virginia.

39. This Honorable Court has jurisdiction under, under 28 U.S.C. §1335, over actions in interpleader that are filed by a Plaintiff who has issued a policy of insurance of $500 or more if: (1) at least two citizens of diverse states or nations claim to be entitled to the benefits arising by virtue of that policy; and (2) the Plaintiff pays the value of the policy into court or posts a bond for such amount that is approved by the court.

40. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1397, because both the incident occurred in, and at least one of the Defendants resides in, this Honorable Court's judicial district.

41. At least two of the Defendant-Claimants, are citizens of different states who each claim to entitled to more than $500 from Plaintiffs.

42. At the time of the above-referenced accident, Indy was covered under a commercial automobile liability policy issued by Spirit, with policy limits of $1,000,000.00. A copy of the relevant portions of this policy is attached hereto as Exhibit 1.

43. A memorialized, signed agreement was reached with counsel for the personal injury plaintiffs that were present at a mediation held on May 11, 2017, and whom had made a claim against Indy and Sandeep Badwalsingh. The agreement stated that if Plaintiffs were able to resolve the numerous property damage claims arising out of the subject accident for a total of $25,000.00, the Defendants would agree to execute releases as to Sandeep Badwalsingh, Indy Freight, Inc. and Spirit Commercial Auto Risk Retention Group, once the remaining $975,000.00 was interpled into the Circuit Court of Ohio County, West Virginia to be distributed to the personal injury defendants that have presented claims. Not all of the Defendant-Claimants were signatories to this agreement.

44. Based upon recent discussions with counsel who has been coordinating this matter on behalf of Defendants, Defendants are agreeable to have the Interpleader filed in the United States District Court for the Northern District of West Virginia, with the same understanding outlined in the original agreement that the personal injury plaintiffs will execute releases once the money is interpled.

45. Defendants in this case have either made claims to the proceeds of the policy relative to damages for bodily injuries allegedly sustained by the Defendants in the above-referenced automobile accident or were involved in the accident.

46. Indy has recognized its liability in the above-referenced accident and Spirit has agreed to pay the remaining limits of $975,000.00 of the Spirit policy to the persons rightfully entitled to receive said proceeds. However, due to the number of claims asserted against the Plaintiff, there is uncertainty as to how the policy proceeds should be best distributed.

47.     Accordingly, Plaintiffs seek the assistance of the Court through Interpleader in determining a proper distribution of the Liability Coverage Limit of Insurance provided by the policy.

48.     Plaintiffs are separately moving this Honorable Court for permission to deposit into the Court the $975,000.00 in remaining coverage, from which valid claims arising out of the subject accident would be paid and Plaintiffs stand ready to deposit that sum following the receipt of an appropriate Order.

49.     Plaintiffs further request that this Honorable Court consider whether an independent Special Master, who would be appointed by the Court, should be given power to settle claims made by Defendant-Claimants, on a good faith and reasonable basis, using the money paid into court by Plaintiffs, until that money is exhausted.

50.     Plaintiffs further request that if this Honorable Court determines that the sum of that Plaintiffs are legally required to pay under the insurance policy is less than $975,000.00, that his Honorable Court should refund Plaintiffs the difference between $975,000.00 and the sum Plaintiffs are legally required to pay the Defendants.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order declaring as follows:

1.     This Honorable Court has jurisdiction over this Complaint and over the Defendant-Claimants.

2.     This Honorable Court will, on its own initiative or with the assistance of a Special Master, determine a proper distribution of the money paid into the Court by Plaintiffs and will direct payment of that money to the proper beneficiaries.

3. This Honorable will refund to Plaintiff, Spirit, any portion of the money that Spirit has paid into the court and that is not required to satisfy any and all meritorious claims of the Defendant-Claimants.

4. That the Defendants, their attorneys, servants, agents and employees be permanently enjoined from instituting or prosecuting any action against Plaintiffs in any State or Federal Court seeking recovery of the proceeds of said policies of insurance issued by Spirit or from seeking a determination as to the person or persons entitled to the proceeds of said policy except in the instant civil action.

5. That the Defendants be required to file in this Civil Action their respective claims to the proceeds of said policy of insurance or to such portion of the proceeds as each may claim.

6. That Plaintiffs, having paid into the Circuit Clerk of Ohio County the sum of $975,000.00, being the full amount due and owing under the Spirit Policy be discharged from all liability to Defendants, including any claims for contribution or indemnification relative to the above-referenced accident.

7. That upon the deposit of the $975,000.00, Claimant-Defendants will execute a release discharging Plaintiffs from any and all future liability.

8. That this Honorable Court grant Plaintiffs such other and further relief as it may deem just and appropriate.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
 & SMITH, P.C.

By /s/Timothy A. Montgomery
    Timothy A. Montgomery, Esquire
    West Virginia I.D. No. 12034

1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
412-281-2288

Counsel for Plaintiffs

Date:  February 16, 2018