```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SPIRIT COMMERCIAL AUTO
RISK RETENTION GROUP,
SANDEEP BADWALSIGH and
INDY FREIGHT, INC.,

        Plaintiffs,

v.                                     Civil Action No. 5:18CV31
                                                        (STAMP)
RANDALL RYAN SHREVE,
KASEE RENEE PORTER,
GERRY W. HARRIS, JR.,
MATTHEW JOSEPH PITZER,
AARON JACKSON,
KAREN N. BARNETT,
CYNTHIA G. DRANE,
DAVID WESTON,
FREDERICK DEAN CONNORS,
WILLIAM A. HEINBAUGH,
ANGELA R. AUBIHIL,
VICKY L. POSEY,
JESSICA LEIGH ALLEN,
ROBERT S. POWERS,
JODI SHACKELFORD,
JEFFREY DOUGLAS SHACKELFORD,
ANDREW J. ZEIGER,
SANDRA L. HEINBAUGH,
WILLIAM HEINBAUGH,
N.K., a minor,
M.A., a minor,
PAMELA LIPSCOMB,
DIANA SHACKELFORD,
BETHANI A. SHACKELFORD,
ELIZABETH BARNETT,
BROOKE N. DRANE,
TIERRA N. BRAWNER,
TREY M. BRAWNER,
TERENCE D. BRAWNER,
BOBBY JO WESTON,
E.W., a minor,
B.W., a minor and
BRUCE DAVIDSON,

        Defendants.
```

**<u>ORDER REGARDING PAYMENT OF SPECIAL MASTER
AND GUARDIAN AD LITEM FEES</u>**

The above-styled civil action is an interpleader action arising out of a twenty plus motor vehicle and tractor trailer accident that occurred on March 13, 2016. At the request of the parties, this Court appointed a Special Master in the above-styled civil action, Stephen J. Dalesio, Esq. (hereinafter "Special Master"), for the purposes of apportioning and distributing the remaining policy limits to the claimants in the form of confidential and binding arbitration awards and the discharge of liability on the part of the plaintiffs Spirit Commercial Auto Risk Retention Group ("Spirit Commercial"), Indy Freight, Inc. ("Indy Freight"), and Sandeep Badwalsingh[1] ("Badwalsingh"). Further, this Court appointed Guardians Ad Litem, Jeffery D. Kaiser, Esq., and Ryan P. Orth, Esq. ECF No. 64.

Now before this Court is the Special Master's motion for an order requiring plaintiffs Indy Freight and Sandeep Badwalsingh to pay the plaintiffs' portion of the Special Master's fees. ECF No. 84. The motion is fully briefed and ripe for decision.

On April 26, 2019, the court-appointed Special Master in the above-styled civil action filed a motion for an order requiring

---

[1]This Court notes that the original case caption, and the caption used throughout this civil action, reflects "Sandeep Badwalsigh" as the individual plaintiff's name. This caption comports with the Complaint for Interpleader (ECF No. 1) as styled by the plaintiffs. However, for purposes of clarity, this Court also notes that plaintiff's last name has alternatively been spelled "Badwalsingh." Both versions of plaintiff's name have been used throughout the briefing and this Court notes that both versions refer to the same individual plaintiff. This Court believes "Badwalsingh" to be the correct spelling, and will refer to plaintiff by that name throughout this order.

plaintiffs Indy Freight and Badwalsingh to pay the Special Master's fees in the amount of $11,920.85. ECF No. 84. The Special Master's requested fee represents the plaintiffs' portion of the fees still owed in connection with the apportionment and distribution of insurance proceeds in this interpleader action. Id. at 1. The Special Master states that he has forwarded his invoice for services in this case to plaintiffs' counsel and requested that plaintiffs pay their agreed upon 50% of the Special Master's fees. Id. at 3. The Special Master notes that he has received full payment from the defendants for their share of the Special Master's fees. Id. at 4. The Special Master adds that he has made attempts to collect the remaining fees owed to him by the plaintiffs in connection with his work in this case, but has still not received any payment. Id. Further, the Special Master states that he was notified on February 5, 2019, that Spirit Commercial Auto Risk Retention Group filed for bankruptcy protection and/or receivership. Id. The Special Master asserts that he forwarded his invoice for his services in connection with this case to plaintiffs' counsel on November 21, 2018, over sixty days prior to being notified of Spirits Commercial's receivership. Id. The Special Master asserts that plaintiffs Indy Freight and Badwalsingh are not the subject of any bankruptcy proceeding or receivership, and pursuant to the parties' agreement, are responsible and liable for plaintiffs' portion (50%) of the Special Master's fees incurred in this case totaling $11,920.85. Id. In support, the Special

Master contends that these plaintiffs have received the benefits of the Special Master's work in connection with this case but have not complied with their agreement to pay 50% of the fee due and owing in this case. Id.

Plaintiffs then filed a response in opposition to the Special Master's motion. ECF No. 87. As an initial matter, "[p]laintiffs request[] that the court hold Oral Argument on the pending motions of the special master to allow counsel to address the court and advocate on behalf Indy Freight and Mr. Badwalsingh, both of whom are innocent bystanders to the placement of Spirit into receivership." ECF No. 87 at 1. Plaintiffs oppose the Special Master's motion stating that "[w]hen the agreement was reached to split the Special Masters' fees the obligation to do so was agreed to by a representative of Spirit. Mr. Badwalsingh and Indy Freight did not personally agree to this arrangement." Id. at 2. It is the plaintiffs' position that the Special Master's fees are fees incurred by Spirit, which Spirit agreed to pay and that the Special Master's fees are not fees incurred by plaintiffs Indy Freight or Sandeep Badwalsingh, and neither Indy Freight nor Sandeep Badwalsingh agreed to pay such fees on either an individual or several basis. Id. at 3. Moreover, even if such fees were to be taxed against either Indy Freight or Sandeep Badwalsingh, plaintiffs contend that the fees are within the supplementary payments covered by the Spirit Commercial automobile liability policy. Id. Plaintiffs further add that "to the extent that

Spirit is not available to pay any remaining expenses in this case, including the Special Master fees and Guardian Ad Litem fees, then the expenses should have been awarded out of the interpleader fund and not taxed against Plaintiffs Indy Freight, Inc. and Sandeep Badwalsingh." Id. Plaintiffs assert that "[t]o grant the motion of the Special Master would be inequitable in that Indy Freight and Mr. Badwalsingh's only recourse would be to file a lawsuit against the party that is responsible for the fees, Spirit, which they cannot do as a result of the Order establishing the receivership." Id. at 4.

In reply, the Special Master states that he "does not believe that oral argument is necessary concerning this motion and believes that oral argument will only unnecessarily increase the time and cost associated with this matter." ECF No. 88. The Special Master also argues that "[n]otwithstanding that this is an interpleader action, the fact remains that this Court ordered 'Plaintiffs' to pay the Special Master's fees associated with his work in connection with this case and Indy Freight, Inc. and Sandeep Badwalsingh are Plaintiffs." Id. at 1. The Special Master contends that it is therefore equitable to require these plaintiffs to pay the Special Master's fees, and asserts that "[t]he fact that these expenses should be covered by insurance is not relevant to the Special master's motion" and "[t]he contractual obligation of Spirit to pay costs and fees incurred by the Plaintiffs is a matter

5

between Spirit and Indy Freight, Inc. and Sandeep Badwalsingh and not a matter between Plaintiffs and the Special Master." Id. at 2.

Following the briefing of the Special Master's motion regarding payment of fees, plaintiffs then filed a motion to withdraw docket entries ECF No. 85 and ECF No. 89, docket entry ECF No. 87 in part, and to stay this civil action. ECF No. 90. Plaintiffs withdraw their earlier motions in accordance with the permanent injunction entered in the Nevada state court and request that this matter be stayed until the liquidation of Spirit is resolved and claims are submitted pursuant to the receiver's procedure. Id. at 4-5.

The Special Master filed a response to the plaintiffs' motion to withdraw stating that he "takes no position" as to plaintiffs' request to withdraw their own earlier motions and responses but adds that he does oppose the imposition of a stay in this case in that the only remaining matter in this case is the Special Master's motion for collection of fees from the two non-bankrupt plaintiffs and, thus, a stay is not required. ECF No. 91.

The issue before the Court is not easily decided on equity alone, but rather, hinges on this Court's interpretation of its own previous order which was entered prior to the notice of receivership and reiterated the unambiguous agreement of the parties regarding payment of the Special Master and Guardian Ad Litem fees in this civil action. This Court has the inherent authority and discretion to interpret its own orders, and such

interpretation warrants customary appellate deference. In re Tomlin, 105 F.3d 933, 941 (4th Cir. 1997); Anderson v. Stephens, 875 F.2d 76, 80 n.8 (4th Cir. 1989). In doing so, this Court finds that the plaintiffs Indy Freight and Badwalsingh are required to pay 50% of the Special Master's fees in this civil action pursuant to the agreement of the parties and this Court's previous order directing "plaintiffs" to pay 50% of the Special Master's fees. ECF No. 78 at 4.[2] Indy Freight and Badwalsingh are named plaintiffs in this civil action, not simply nominal parties, and have received the benefits of the Special Master's work in connection with this civil action, including releases executed by the defendant claimants. Upon review, although this Court is sympathetic to the equitable argument made by plaintiffs Indy Freight and Badwalsingh, this Court finds that plaintiffs Indy Freight and Badwalsingh are required to pay the plaintiffs' portion (50%) of the Special Master's fees incurred in this civil action pursuant to the agreement of the parties and this Court's order.

Similarly, for the same reasons as stated above, this Court also finds that the plaintiffs are required to pay the Guardians Ad Litem, Jeffery D. Kaiser, Esq. and Ryan P. Orth, Esq., the fees

---

[2]The order states: "By agreement of the parties, the payment of fees to the Special Master is to be made separate and apart from the interpleader fund previously deposited into the Court's Registry, with the plaintiffs paying 50% of the fee and the defendants paying 50% of the fee." ECF No. 78 at 4. This Court additionally notes that this order (ECF No. 78) was entered prior to the notice of receivership (ECF No. 81) which was issued against Spirit Commercial Auto Risk Retention Group.

this Court previously approved as fair and reasonable. ECF No. 78 at 4.[3] Accordingly, plaintiffs Indy Freight and Badwalsingh are directed to pay the same, as agreed by the parties and as ordered by this Court. Id.

To the extent the plaintiffs' motion requests a stay of this civil action and requests oral argument, the motion is denied. Only in "unusual circumstances" may a court "properly stay proceedings against non-bankrupt codefendants of the bankrupt debtor." Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988) (citing A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986). This Court believes that such unusual circumstances do not exist in this case, particularly in light of the fact that the non-bankrupt plaintiffs Indy Fright and Badwalsingh are independently liable to the Special Master for plaintiffs' portion of the outstanding fees. As to the plaintiffs' request for oral argument, this Court finds that the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

Accordingly, the Special Master's motion for an order requiring plaintiffs Indy Freight and Sandeep Badwalsingh to pay

---

[3]The order states: "With respect to the Guardians Ad Litem fees, the plaintiffs have agreed to pay these fees outside of the fund, as well. Id. The Guardians Ad Litem, Jeffery D. Kaiser, Esq., and Ryan P. Orth, Esq., have each forwarded to this Court their final statements of their total time spent and usual hourly rate. This Court finds the fees submitted to be fair and reasonable. These statements will be sent to plaintiffs' counsel and the plaintiffs are DIRECTED to pay the same, as agreed." ECF No. 78 at 4.

plaintiffs' portion of the Special Master's fees (ECF No. 84) is GRANTED. Plaintiffs Indy Freight and Sandeep Badwalsingh are hereby ORDERED to pay the Special Master, Stephen J. Dalesio, Esq., the plaintiffs' portion of the Special Master's fees incurred in this case in the amount of $11,920.85. Plaintiffs Indy Freight and Sandeep Badwalsingh are hereby further ORDERED to pay the Guardians Ad Litem, Jeffery D. Kaiser, Esq., in the amount of $1,275.00 and Ryan P. Orth, Esq., in the amount of $2,357.11.

Plaintiffs' motion to withdraw (ECF No. 90) is GRANTED as to plaintiffs' motion for an order directing receiver to pay Special Master and Guardian Ad Litem fees (ECF No. 85), plaintiffs' response in opposition (ECF No. 87), in part, and plaintiffs' motion for an order to show cause (ECF No. 89), and the same are hereby ORDERED WITHDRAWN. To the extent the plaintiffs' motion is a motion to stay or requests oral argument, the motion (ECF No. 90) is DENIED.

Further, it is ORDERED that this civil action be, and the same is hereby, DISMISSED WITH PREJUDICE and retired from the docket of this Court, subject to reopening on motion of any party, and for good cause shown, within 90 days.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 21, 2019

                                                <u>/s/ Frederick P. Stamp, Jr.</u>
                                                FREDERICK P. STAMP, JR.
                                                UNITED STATES DISTRICT JUDGE